J-A30028-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

GARY M. LYSAGHT

Appellee

v.

DEBORAH A. KREKSTEIN

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 736 MDA 2016

Appeal from the Order Entered April 14, 2016
In the Court of Common Pleas of Dauphin County
Civil Division at No(s): 2015-CV-03422-EQ

BEFORE:  BOWES, OLSON and STABILE, JJ.

MEMORANDUM BY OLSON, J.:  **FILED FEBRUARY 14, 2017**

Appellant, Deborah A. Krekstein, appeals from the order entered on April 14, 2016.  We vacate and remand.

On April 30, 2015, Gary M. Lysaght (hereinafter "Mr. Lysaght") instituted the current action by filing a complaint seeking the partition of real property.  Within Mr. Lysaght's amended complaint, Mr. Lysaght averred that he and Appellant married on September 13, 1986 and later purchased their marital residence at 1350 Fishing Creek Valley Road, in Harrisburg, Pennsylvania.  Mr. Lysaght's Amended Complaint, 6/9/15, at ¶¶ 3-4.  The parties divorced on July 10, 2014.  *Id.* at ¶ 5.

As Mr. Lysaght averred, he and Appellant "executed a Marital Settlement Agreement [on May 9, 2014; therein, the parties] agreed to sell the marital residence . . . and evenly divide the net proceeds."  *Id.* at ¶ 6.

According to Mr. Lysaght, despite being on the market for over one year, the marital property has not sold and Appellant will not agree to a lower asking price. *Id.* at ¶¶ 7-13. Therefore, Mr. Lysaght requested that the trial court order the partition of the marital property. *Id.* at ¶ 19.

Following the overruling of Appellant's preliminary objections, Appellant filed a timely answer to Mr. Lysaght's complaint. *See* Appellant's Answer, 11/24/15, at 1-3. Within Appellant's answer, Appellant denied that the trial court should order the partition of the property and Appellant requested that the trial court "dismiss [Appellant's] amended complaint for the partition of real property." *Id.* at ¶ 19 and "Wherefore" Clause (some internal capitalization omitted).

On April 14, 2016, the trial court *sua sponte* ordered the partition of the marital residence – based only upon the complaint and answer and despite there not being any pending motion for a judgment on the pleadings. *See* Trial Court Order, 4/14/16, at 1.

Appellant filed a timely notice of appeal from the partition order. *See* Pa.R.A.P. 311(a)(7) ("[a]n appeal may be taken as of right and without reference to Pa.R.A.P. 341(c) from . . . [a]n order directing partition"). Appellant raises one claim on appeal:

> Whether the trial court erred as a matter of law in granting [Mr. Lysaght's] request for partition of real property where there was no default, admission or hearing held in contravention of Pa.R.C.P. 1557?

Appellant's Brief at 2.

Within Appellant's brief to this Court, Appellant claims that the trial court erred when it "*sua sponte* entered an order for partition on the pleadings [even though] neither party had filed a motion requesting the same." *Id.* at 4. We agree.

Pennsylvania Rule of Civil Procedure 1551 declares: "[e]xcept as otherwise provided in this chapter, the procedure in an action for the partition of real estate shall be in accordance with the rules relating to the civil action." Pa.R.C.P. 1551. Moreover, regarding judgment on the pleadings, Pennsylvania Rule of Civil Procedure 1034 provides:

> (a) After the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings.
>
> (b) The court shall enter such judgment or order as shall be proper on the pleadings.

Pa.R.C.P. 1034.

As the Pennsylvania Supreme Court has held, "[a] court is without power under . . . Rule 1034 to enter judgment [on the pleadings] on its own motion." *Paulish v. Bakaitis*, 275 A.2d 318, 322 (Pa. 1971), *limited by* *Bensalem Township Sch. Dist. v. Commonwealth*, 544 A.2d 1318, 1321 n.2 (Pa. 1988) ("In *Paulish v. Bakaitis*, [] this Court held that judgment on the pleadings cannot be entered *sua sponte.* The opinion admits of the possible interpretation that a court cannot enter judgment in favor of a non-moving party. Today, we expressly disapprove of that interpretation, and limit the Courts' holding in *Paulish* to the effect that **a court must at least**

**be presented with a motion by one of the parties before it can consider the sufficiency of the pleadings**") (emphasis added); ***see also*** 3 GOODRICH AMRAM 2d § 1034(b):19 ("A court is without power to enter a judgment on the pleadings on its own motion. One or both of the parties must file a motion for judgment on the pleadings before the court can exercise its power to grant judgment on the pleadings") (internal footnotes omitted).

In the case at bar, the trial court *sua sponte* entered judgment on the pleadings in favor of Mr. Lysaght, on the court's own motion. This is clearly erroneous and requires that we vacate the trial court's order and remand for further proceedings.

Order vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017